## THE FIRST NATIONAL BANK OF VERNON v. THE LOUISVILLE JOINT STOCK LAND BANK.

[No. 15,716. Filed October 25, 1938.]

*Charles Baker* and *William Fitzgerald,* for appellant.
*Wickens & Wickens* and *A. L. McDonald,* for appellee.

DUDINE, C. J.—Appellee Louisville Joint Stock Land Bank, hereinafter referred to as Land Bank, loaned $4,000.00 to Alfred L. Kysar and Grace E. Kysar, his wife, on May 4, 1923, upon their promissory note and a mortgage of certain real estate. On that date and for some time prior thereto said Kysars were indebted to the appellant First National Bank of Vernon, hereinafter referred to as National Bank, in the sum of $4,814.00 which indebtedness was evidenced by four promissory notes jointly executed by them. Sometime after said mortgage to the Land Bank was executed, the Kysars executed a second mortgage on said real estate to the National Bank to secure the payment of their said indebtedness due it. The Kysars failed to make amortization payments due the Land Bank on July 1, 1924, as required by said note executed to it, but the National Bank forwarded the payment to the Land Bank and advised the Land Bank that all future payments on said loan would be paid by it, the National Bank.

On August 14, 1924, the Kysars, in consideration of the cancellation of said notes and second mortgage held by the National Bank, conveyed said real estate to the National Bank subject to the mortgage lien of the Land Bank.

On the first day of January, 1925, the National Bank advised the Land Bank that the real estate had been conveyed to it and made the amortization payment due on said first mortgage on that date.

On the 20th day of July, 1925, the Land Bank forwarded to the National Bank a "transfer and assumption agreement" form and requested the cashier of the National Bank to sign the same and return it, and the National Bank cashier complied with said request.

On July 23, 1926, the National Bank conveyed the real estate to Joseph R. Shirk.

On January 20, 1932, the Land Bank filed its complaint seeking foreclosure of said mortgage making said Shirk, the Kysars, and the National Bank party defendants. The complaint alleged that by reason of the execution of the transfer and assumption agreement, appellant National Bank had assumed the indebtedness. The complaint asked a personal judgment against the National Bank for the balance of said indebtedness.

Appellant National Bank filed an answer in four paragraphs, to wit, (1) general denial, (2) no consideration for the alleged agreement of assumption of the indebtedness of the Kysars to appellee Land Bank, (3) that appellant National Bank did not have legal power to assume the payment of said indebtedness, (4) the assumption agreement was signed by appellant's cashier without the authority of the board of directors of said bank and the execution of the assumption agreement by the cashier was *ultra vires* the powers of a cashier of a National Bank.

Appellee filed a reply in general denial to each the second, third, and fourth paragraphs of answer, and a separate paragraph of reply to each the third and fourth paragraphs of answer.

The cause was submitted to the court for trial without a jury. The court made a special finding of facts and stated conclusions of law thereon, that appellee obtain a foreclosure of said mortgage and a deficiency judgment against appellant and said Kysars. Judgment was rendered in accordance with the conclusions of law. Appellant separately filed a motion for new trial, which was overruled, and perfected this appeal. The errors assigned upon appeal are contended error in overruling the motion for new trial and contended error in the conclusions of law.

Appellant's brief contains a discussion of several questions under the assigned error in overruling the motion for new trial, and then follows the statement, "3. The Court erred in its conclusions of law upon the special finding of facts for the reason(s) set out in the points and authorities herein." Nothing further is said under points and authorities about error in the conclusion of law. This does not constitute a presentation of an error as is required by the rules of this court, particularly rule twenty-one, paragraph sixth (adopted November 1, 1933), to the effect that each assigned error "shall be separately considered by separately numbered propositions concisely stated without argument, supported by separately numbered or lettered points and authorities." (See Rule eighteen, paragraph sixth, adopted June 21, 1937, to similar effect applicable to appeals of cases from judgments entered, or in which cases motions for new trial have been ruled upon, subsequent to 31st day of August, 1937.) The contended errors in the conclusions of law are deemed waived.

The evidence shows the facts which we have stated.

Appellant says in its brief "the evidence is undisputed that the appellant in the first instance did not assume the payment of the mortgage debt and the mere fact that appellant through its cashier agreed with the appellee to pay interest and by making payments of interest and principal, and by obtaining extension of time for its payment, in consideration of this agreement, does not become personally liable for the payment for the mortgage debt." We believe that appellant refers to the acceptance by appellant of the deed from Kysars, in its use of the term "the first instance" in said statement, and we so construe the statement.

Appellant also says "the transfer and assumption

agreement could not affect what the parties intended by the actual contract." We believe appellant refers to said deed as the "actual contract." It is true that appellant did not by the acceptance of the deed assume the payment of the mortgage; but it is also true that by the assumption agreement appellant *did expressly* agree to pay said debt.

It is true that the assumption agreement did not affect the agreements entered into by the National Bank and Kysars evidenced by the deed, but it is also true that said agreements between said parties could not affect the obligations assumed by the National Bank through the assumption agreement, to which Kysars were not a party. The two instruments are independent of each other.

Therefore appellant's said contentions are not tenable.

Appellant contends further the evidence does not show a valuable consideration for the execution of the assumption agreement. It is sufficient to say, with reference to said contention, that the evidence shows conclusively that in consideration of said assumption agreement appellee Land Bank extended the time of payment of said indebtedness.

Appellant has stated several points, each of which are based upon appellant's contention as to what the evidence shows or fails to show. The evidence does not support appellant's said contentions. No good purpose would be served in discussing said points.

We have considered all the points stated in appellant's brief. Appellant has not shown any reversible error.

Judgment affirmed.